# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### FT. MYERS DIVISION

**DOUGLAS R. CATON,**

        **Petitioner,**

**-vs-**                                          **Case No.  2:07-cv-51-FtM-34DNF**

**UNITED STATES OF AMERICA,**

        **Respondent.**

_____

## REPORT AND RECOMMENDATION

**TO THE UNITED STATES DISTRICT COURT**

This cause came on for consideration on the following motion filed herein:

| | |
|---|---|
| **MOTION:** | **MOTION TO DISMISS PETITION TO QUASH IRS COLLECTION SUMMONS (Doc. No. 3)** |
| **FILED:** | **March 29, 2007** |

**THEREON** it is **RECOMMENDED** that the motion be **GRANTED**.

The United States of America ("United States") asserts that the "Petition under authority of 26 U.S.C. §7609 - Petition, Douglas R. Caton, petitions this court in the nature of an intervention to quash the summons in re: Douglas R. Caton's alleged tax liability served on Guy R. Strayhorn, petitioner's attorney" (Doc. 1) filed on January 29, 2007, by Dougals R. Caton should be dismissed for insufficiency of service of process, failure to state a claim upon which relief may be granted, and lack of subject matter jurisdiction.  Mr. Caton asserts in his Opposition (Doc. 4) that there are matters

which are not of record and facts not in evidence, and therefore, the motion to dismiss should be denied.

In his Petition (Doc. 1), Mr. Caton alleges that a summons was served on Guy R. Strayhorn for the production of records relating to Mr. Caton's alleged tax liability and his real estate transactions. Mr. Caton asserts that the summons is "wholly lacking in foundation." Mr. Caton claims that the United States Treasury has failed to show that he is involved in any revenue that is taxable. Mr. Caton requests that the summons issued to Guy R. Strayhorn be quashed. According to the Certificate of Service, Mr. Caton served the Petition on the United States Treasurer.

The United States argues that the Petition should be dismissed based upon the Plaintiff failing to comply with Fed.R.Civ.P. 4(d)(4) which the Unites States alleges required the delivery of a summons and complaint to the office of the United States Attorney for the district in which the action is brought and mailing a copy of the summons and complaint by registered or certified mail to the United States Attorney General in Washington, D.C.

The Federal Rule regarding service on the United States is Fed.R.Civ.P. 4(i) and in Section 4(i)(1)(A), to properly serve the United States, a petitioner must deliver a copy of the summons and complaint to the United States Attorney for the district where the action is brought or to an assistant United States Attorney or a clerical employee who is designated by the United States Attorney, or by sending a copy of the summons and complaint by registered or certified mail to the civil process clerk at the office of the United States Attorney; and also by sending a copy of the summons and complaint by registered or certified mail to the Attorney General of the United States. By serving the United States Treasurer, Mr. Caton did not properly serve the United States.

The Motion to Dismiss for failure to properly serve is due to be granted, and normally the Court would allow Mr. Caton additional time to properly affect service. However, in this case, the United States also asserts that this Court lacks subject matter jurisdiction over the action.

Without subject matter jurisdiction, this Court would have no authority to entertain this suit. *See*, *Mutual Assurance v. United States*, 56 F.3d 1353, 1355 (11th Cir. 1995). "Under well-settled principles of sovereign immunity, the United States is immune from suit unless it consents to be sued." *Id*. (citing, *United States v. Dalm*, 494 U.S. 596, 608 (1990)). The terms of the consent to be sued define the court's jurisdiction to entertain suit. *Mutual Assurance, Inc. v. United States*, 56 F.3d at 1355.

In the instant case, the Internal Revenue Service ("IRS") served a Summons on a third-party, Guy R. Strayhorn, to obtain records regarding Mr. Caton. A summons served on a third-party to obtain information regarding tax liability is governed by 26 U.S. §7609. Under this provision, a taxpayer is given certain rights to notice and to quash the summons. *See*, 26 U.S.C. §7609(a)(1) and (b)(2). The statute provides limitations on the ability of the person whose records are subject to the summons to quash the summons. Specifically, 26 U.S.C. §7609(c)(2)(D), precludes an individual from quashing a summons which is issued in aid of collection of an assessment. 26 U.S.C. §7609(c)(2)(D)(i). A district court lacks jurisdiction to quash a summons issued for the purpose of aiding in the collection of taxes. *United States of America v. Arnold*, 2001 WL 933549, *2 (M.D. Fla. 2001). The Summons attached to the instant Petition provides that the information requested relates to the collection of an existing assessment of tax liability for the taxpayer, Mr. Caton, citing to §7609.[1]

---

[1] The Summons has a typographical error in that it cites to 7603(c)(2)(D)(i) rather than 7609(c)(2)(D)(i).

Since the Summons is in aid of the collection of an existing assessment, the Court lacks jurisdiction to quash the Summons. Mr. Caton appears to argue that he has no tax liability which would go to the merits of the assessment. The tax assessment is not before this Court, only the Summons relating to the collection of that assessment.

The Court concludes that based upon the law, it lacks jurisdiction to quash the Summons in the instant case which is in aid of collection. The Court respectfully recommends that the Motion to Dismiss be granted and this action be dismissed.

Failure to file written objections to the proposed findings and recommendations contained in this report within ten (10) days from the date of its filing shall bar an aggrieved party from attacking the factual findings on appeal.

Respectfully recommended in Chambers in Ft. Myers, Florida this 17th day of April, 2007.

_____
DOUGLAS N. FRAZIER
UNITED STATES MAGISTRATE JUDGE


Copies: All Parties of Record